IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 1:20-cr-0055-2 (RDA) |
| | ) | |
| JERMAINE ANTOINE HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Jermaine Antoine Holt's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). Dkt. 146. Considering the Motion, the Government's Opposition (Dkt. 147), and Defendant's Reply (Dkt. 148), it is hereby ORDERED that the Motion is DENIED.

I. BACKGROUND

A. Defendant's Conviction

This case commenced on December 12, 2019, when the Government filed a Sealed Complaint as to Defendant and his co-conspirators. Dkt. 1. On December 20, 2019, Defendant was arrested in connection with this case and on that same day, came before the Court for an Initial Appearance. Dkt. Nos. 25; 26. At the Initial Appearance, the Court ordered that Defendant be detained pending his Detention and Preliminary Hearing. Dkt. 26. Accordingly, Defendant was remanded into the custody of the United States Marshals. *Id.*

On December 23, 2021, the parties came before the Court for Preliminary and Detention Hearings. Dkt. 32. After hearing argument from the parties, including Defendant's request for pre-trial release, the Court determined that there was probable cause, found that release was not

1

appropriate, and, again, remanded Defendant into the custody of the United States Marshals. Dkt. Nos. 32; 34.

On February 18, 2020, Defendant was indicted on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Dkt. 59.

Thereafter, on March 4, 2020, Defendant filed a Second Motion for Bond. Dkt. 64. After the matter had been fully briefed, the parties came before the Court for oral argument on that motion. Dkt. Nos. 63; 65; 66. During the hearing, Defendant's mother, Beverly Holt ("Ms. Holt"), testified. Dkt. 66. She described her medical conditions, and discussed how historically, Defendant assisted her with her various needs. *Id*. The Court carefully considered Ms. Holt's testimony and the circumstances of the case under the applicable statutory framework, and the Court was constrained to deny Defendant's Second Motion for Bond. *Id*.

On July 15, 2020, Defendant pleaded guilty to having conspired to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Dkt. Nos. 93; 94. In light of this conviction, this Court sentenced Defendant to 60 months of imprisonment to be followed by a four-year term of supervised release. Dkt. 127. The Court also recommended that Defendant participate in the Residential Drug Abuse Program ("RDAP"), the Federal Prison Industries program ("FPI" or "UNICOR"), and further recommended that he be designated to Federal Correctional Institution ("FCI Petersburg"), to serve his sentence. *Id*.; Dkt. 128. In rendering his sentence, the Court carefully considered the Presentence Investigation Report, both parties' position papers on sentencing, oral argument presented to the Court on October 21, 2020, the Sentencing Guidelines Range, the factors set forth in 18 U.S.C. § 3553(a), and the statutory minimum sentence applicable to this case.

Approximately four months after being sentenced, Defendant moved for compassionate release and requested that the Court appoint counsel for him to assist with that motion. Dkt. Nos. 142; 143. The Court appointed counsel for Defendant under the Criminal Justice Act, and counsel filed the instant Motion. Dkt. 146. The Government opposes Defendant's Motion, and Defendant has replied to the Government's Opposition. Dkt. 148.

## II. ANALYSIS

Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), this Court immediately release him from detention at FCI Petersburg. Dkt. 146. He argues that this release is warranted for two reasons. *Id*. First, Defendant maintains that "extraordinary and compelling reasons" justify his release because he "is the only available caregiver for his ailing mother . . . who suffers from numerous health conditions." *Id*. at 1. Second, he urges that release is appropriate because "his continued imprisonment serves no compelling penological purpose." *Id*.

Though without question sympathetic to his mother's circumstances, and the challenges she faces as a result of her serious ill-health conditions, the Court finds that release is not warranted under the circumstances.

Section 3582(c) provides in relevant part that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must first consider whether Defendant has exhausted the remedies set forth in Section 3582(c)(1)(A), such that this Court may evaluate the merits of Defendant's Motion. Second, should the Court find that Defendant has, in fact, exhausted the Section 3582(c)(1)(A) remedies, the Court must determine whether extraordinary and compelling reasons exist to justify his compassionate release. The Court will address both of these issues in turn.

### A.  Exhaustion of Remedies

Defendant maintains that on February 10, 2021, he submitted a request for compassionate release to Warden Andrews, the Warden of FCI Petersburg. Dkt. 146, 2. On February 22, 2021, Warden Andrews requested that Defendant resubmit his request with more information. *Id.*; *see also* Dkt. 146-1. On March 8, 2021, Defendant did so. Dkt. 146, 2. Because there appears to have been more than a "lapse of 30 days" between the date that Defendant requested compassionate release from Warden Andrews and the date Defendant filed this Motion, the Court finds that Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). Thus, this Court is in a position to consider the merits of Defendant's Motion.

### B.  Whether Release is Warranted

Turning to whether such conditions exist to justify Defendant's release, this Court finds under the present circumstances, "extraordinary and compelling reasons" do not exist to warrant his release pursuant to § 3582(c)(1)(A).

Congress has not defined particularly what constitutes "extraordinary and compelling" circumstances under § 3582. Instead, Congress has delegated to the United States Sentencing Commission ("the Commission") the responsibility of defining the scope of that phrase. *Id*. Accordingly, 28 U.S.C. § 994(t) provides that:

> [t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Commission determined, in pertinent part, that:

> [u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .[1] (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Further, the Commission has indicated that if a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," then, "extraordinary and compelling reasons exist" where the defendant's medical condition, age, family circumstances, or other reason justify release. U.S.S.G. § 1B1.13, cmt. n. 1.

After the enactment of the First Step Act, many district courts, including this Court, have determined that the factors set forth in U.S.S.G. § 1B1.13, cmt. n. 1 "'provide[ ] helpful guidance, [but] . . . do[ ] not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019), and citing *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); *United States v. Fox*, No. 2:14-cr-02-DBH, 2020 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Redd*, 444 F. Supp. 3d 717, 725-26 (E.D. Va. 2020); *United States v. Young*,

---

[1] Defendant is not "at least 70 years old[,]" U.S.S.G. § 1B1.13, and thus, the omitted subsection (1)(B) is inapplicable to the case at hand. Dkt. 53, 2.

458 F. Supp. 3d 838, 844-45 (M.D. Tenn. 2020); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *2-3 (D. Utah Feb. 18, 2020) (collecting cases)). To be sure, Section 3582(c)(1)(A) "requires [ ] that sentence reductions be consistent with 'applicable policy statements.'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Recently, the United States Court of Appeals for the Fourth Circuit has determined that "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (emphasis in original) (quoting 18 U.S.C. § 3582(c); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

As such, this Court has "join[ed] other courts in concluding that a court may find . . . that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n. 1(A)-(C) . . . ." *Redd*, 444 F. Supp. 3d at 726. Accordingly, this Court treats the Section 1B1.13 cmt. n. 1(A)(C) factors as a guide but not as an exhaustive list of circumstances that could justify compassionate release. *See also United States v. Jackson*, No. 3:17-cr-29-02, 2021 WL 1723653, at * 1 (E.D. Va. Apr. 30, 2021) (finding "[t]he policy statements are not binding but are informative and may be considered.") (citing *McCoy*, 981 F.3d at 276).

However, for the reasons that follow, the Court does not find that release is warranted.

### i. 18 U.S.C. § 3553(a) Factors

As set forth above (*supra*, p. 5), before this Court should even consider whether the circumstances at hand are "extraordinary and compelling," the Court, as it did at Defendant's original sentencing event, should first consider the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) requires that the Court consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for– . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the case at bar, Defendant pleaded guilty to having conspired to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Dkt. Nos. 93; 94. As a result of his conviction, this Court sentenced Defendant to 60 months of imprisonment to be followed by a four-year term of supervised release. Dkt. 127. The Court also recommended that Defendant participate in the RDAP, FPI, or NICOR programs, and that he be designated to FCI Petersburg, to serve his sentence. *Id.*; Dkt. 128. In determining the most appropriate sentence for this Defendant, just a few months ago, this Court considered the § 3553(a) factors, and determined the appropriate sentence taking into account Defendant's mother's circumstances. The Court's evaluation of the § 3553(a) factors has not changed over a matter of a few months, and in reconsidering those factors, this Court still finds that a sentence of 60 months remains appropriate for Defendant. Pragmatically speaking, one might conclude that in light of the serious offense Defendant committed, that a sentence of 60 months was actually a matter of judicial grace.

ii. U.S.S.G. § 1B1.13, cmt. n. 1(A)-(C) Factors

In addition, neither do Defendant's medical conditions, age, nor apparent family circumstances suggest "extraordinary and compelling reasons" that warrant a reduction in the term of Defendant's imprisonment.

a. Medical Condition of Defendant

With respect to medical conditions, U.S.S.G. §1B1.13, cmt. n. 1(A) provides that an "extraordinary and compelling reason" exists where:

> (i) [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13, cmt. n. 1(A)(i). Additionally, subsection (ii) of that same provision sets forth that a defendant's medical conditions may be indicative of a "an extraordinary and compelling reason" for release when a defendant is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n. 1(A)(ii).

Defendant has not demonstrated to the Court that he has a medical condition that may be presently described by the characteristics set forth in U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) and (ii), and thus § 1B1.13, cmt. n. 1(A)(i) and (ii) does not counsel in favor of release.

b. Age of Defendant

Further, because Defendant is 38 years old, his age does not support a finding of immediate release from imprisonment. Dkt. 146, 1. United States Sentencing Guideline § 1B1.13, cmt. n.

1(B) indicates that "extraordinary and compelling reasons" exist where "[t]he defendant (i) is *at least 65 years old*; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n. 1 (B) (emphasis added). Defendant does not meet the age requirement, which further supports a finding that compassionate release is inappropriate.

### c.  Family Circumstances

Additionally, "extraordinary and compelling reasons" for release may exist when "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred or where "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,]" has taken place. U.S.S.G. § 1B1.13(C).

Here, Defendant asserts that consistent with § 1B1.13(C), release is appropriate as he "is the only available caregiver for his ailing mother . . . who suffers from numerous health conditions." Dkt. 146, 1. In support of his position, Defendant has provided a detailed account of his mother's personally compelling circumstances, and has also made an argument as to why he is the only suitable caregiver for his mother.

But even assuming that the Guideline contemplates care for parents—an issue which this Court need not decide, particularly given that under the circumstances, the Court may consider policy considerations extrinsic to those listed in the statute—the Court still finds that Defendant has failed to meet his burden because it is not clear that he is the "*only* available caregiver" for his mother. U.S.S.G. § 1B1.13(C) (emphasis added). In his Motion, Defendant has indicated that in addition to Defendant, his mother has two other sons. Dkt. 146, 10. "One son," Defendant

9

describes, "lives in Maryland" and "[b]ecause of his distance and busy work schedule," Defendant urges that his brother is "unable to care for" their mother. *Id*. Also, notwithstanding Defendant's second brother who he maintains is "not willing to assist [] [their] mother without payment[,]" (no doubt a sad commentary on that brother's comportment) Defendant's partner of six years lives just ten minutes from Defendant's mother's apartment. *Id*.

It bears repeating that this Court is sympathetic to Defendant's mother's circumstances and the challenges attendant with caring for aging and ailing parents, yet, based upon the applicable standards, and Defendant's own representations, these difficulties do not present as "extraordinary or compelling reasons for release." This is so because it is not clear to the Court that Defendant is the *only* individual able to care for his ailing mother. While it may, perhaps, be unusual or even cumbersome for other individuals to render assistance, these circumstances do no rise to the level that this Court may make the finding that Defendant is his mother's "*only*" caregiver, thereby suggesting that there are "extraordinary or compelling reasons" for release. In *United States v. Cole*, the United States District Court for the Eastern District of Michigan described that:

> [t]he hardship to [a defendant]'s family that may result is unfortunate, but not unusual. A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support. Often, a defendant's family's needs can be met through other family members, neighbors, faith groups, community organizations, and government agencies. Hopefully, the [defendant's] family can find a solution in those in those possibilities.

No. 18-20237, 2021 WL 194194 (E.D. Mich. Jan. 20, 2021). This Court shares that hope for this Defendant's mother and her family.

### d. Other Reasons

Finally, U.S.S.G. § 1B1.13(D) explains that "extraordinary and compelling" circumstances may be present where "[a]s determined by the Director of the Bureau of Prisons, there exists in the

defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." For the reasons set forth above (*supra*, p. 4-6), this Court will not rely on the provision of subsection C that requires that an additional reason be first "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(D). Accordingly, this Court will address the "other reasons" that Defendant argues justify his immediate release—namely that "because of [ ] [his] personal characteristics and the circumstances of his incarceration, his continued imprisonment serves no compelling penological purpose." Dkt. 146, 1. This Court disagrees.

In advancing this argument, Defendant notes the strain that the ongoing COVID-19 pandemic[2] has placed on his ability to (1) have regular visitors while detained and (2) immediately utilize the RDAP and other programs during his period of incarceration. *Id*. at 12-14. Yet, these factors do not justify his release. The Court recognizes that to ensure the health and safety of detainees and others, there have been limitations on visitors at not just FCI Petersburg, but detention facilities nationwide. These limitations on detainees' ability to see family and friends

---

[2] According to the Centers for Disease Control and Prevention ("CDC"), "Coronavirus (COVID-19) is an illness caused by a virus that can spread from person to person." One "can become infected from respiratory droplets when an infected person coughs, sneezes, or talks." People "may also be able to [contract the virus] by touching a surface or object that has the virus on it, and then by touching [their] mouth, nose, or eyes." On March 11, 2020, the World Health Organization ("WHO") declared COVID-19 a pandemic. Jaime Ducharme, World Health Organization Declares COVID-19 a 'Pandemic.' Here's What That Means, TIME MAGAZINE, Mar. 11, 2020, https://time.com/5791661/who-coronavirus-pandemic-declaration/, (last visited June 16, 2021). Currently, there are three vaccines authorized and recommended in the United States to prevent COVID-19. For those who are not yet vaccinated, the CDC advises that the "best way to protect [one]self is to avoid being exposed to the virus that causes COVID-19." The CDC further counsels that good preventative measures include (1) avoiding close contact with others; (2) wearing a face mask; (3) cleaning and disinfecting frequently touched surfaces; and (4) frequent hand washing with soap and water for a minimum of 20 seconds. The CDC has also indicated that while everyone is at risk of contracting the virus, "[o]der adults and people of any age who have serious underlying medical conditions may be a higher risk for more severe illness."

11

amid the COVID-19 pandemic is not a frustration unique to this Defendant. Many, if not most people, including those who are not detained, have had limited opportunities to see their loved ones in light of the persisting pandemic. Thus, that reason does not justify release. Moreover, release is not warranted simply because the pandemic has delayed Defendant's ability to immediately utilize the RDAP program while he is detained. As COVID-19 restrictions ease, it is the Court's hope that Defendant will be able to utilize the programs available to him at FCI Petersburg during his remaining period of incarceration.

And to the extent that Defendant makes the argument that by virtue of it being a prison, inmates at FCI Petersburg are generally at a heightened risk for contracting COVID-19, the Court is also constrained to deny Defendant's Motion. This Court recognizes the importance of Defendant's health, the health of all persons detained, and the significance of the public health emergency triggered by COVID-19. The Court does not take these circumstances lightly. However, as this Court has indicated on prior occasions, "the threat of COVID-19 both in- and outside of prison walls, and Defendant's fear of contracting COVID-19 cannot justify his release." *Feiling*, 453 F. Supp. 3d at 842. Defendant has not made a particularized showing of susceptibility to the disease or a particularized risk of contracting the disease at his specific prison facility. This is particularly true where three COVID-19 vaccines are becoming increasingly available on an ongoing basis. Significantly, as of the date of this Order, the BOP has reported that it has administered a total of 193,877 vaccine doses. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 16, 2021). Thus, if this position is a part of Defendant's argument, the Court must reject Defendant's Motion on this point.

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 146) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
June 16, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge